UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AHMET CAN TOPUZ,<br><br>Petitioner,<br><br>v.<br><br>LUIS SOTO, et al.,<br><br>Respondents. | Civil Action No. 25-17593 (ZNQ)<br><br>MEMORANDUM OPINION |

**QURAISHI, District Judge**

    This matter comes before the Court on Petitioner Ahmet Can Topuz's petition for a writ of habeas corpus. (ECF No. 1.) Following an order to answer, the Government filed a letter response. (ECF No. 5.) For the following reasons, Petitioner's habeas petition is granted, and Petitioner shall be afforded a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days.

    By way of background, Petitioner is a native and citizen of Turkey who entered the United States without being inspected or admitted in July 2022. (ECF No. 2-3.) After being briefly taken into custody by immigration officials in 2022, Petitioner was released on his own recognizance under an order of supervision into the United States on July 27, 2022. (ECF No. 2-4.) On November 10, 2025, however, Petitioner was arrested and taken back into immigration detention, where the Government contends he is subject to mandatory detention without bond pursuant to 8 U.S.C. § 1225(b)(2) and the Government's interpretation of that statute as expressed in the Board of Immigration Appeals decision in *Matter of Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). (ECF No. 5 at 1.)

1

Since the Government's adoption of its current interpretation of § 1225(b), the courts in this district have unanimously found that the plain text of that statute does not apply to aliens who were apprehended after entering the United States without inspection. *See, e.g., Valerio v. Joyce*, No. 25-17225, 2025 WL 3251445 (D.N.J. Nov. 21, 2025); *Aguilar Ramos v. Soto*, No. 25-15315, 2025 WL 3251447 (D.N.J. Nov. 21, 2025); *Bethancourt Soto v. Soto*, --- F.3d ---, ---, 2025 WL 2976572, at *6-7 (D.N.J. Oct. 22, 2025) (collecting cases). As this Court explained in *Valerio*, the Government instead has authority to detain such aliens, including Petitioner, only pursuant to 8 U.S.C. § 1226(a), under which detainees are entitled to a bond hearing in which they can secure release by showing by a preponderance of the evidence that they are neither a danger nor a flight risk. *Valerio*, 2025 WL 3251445 at *3-4; *Aguilar Ramos*, 2025 WL 3251447 at *1; *See also Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018). As the Government admits in its letter response that this matter is indistinguishable from the facts this Court considered in reaching its conclusion in *Valerio*, (*see* ECF No. 5 at 1-2), and as Petitioner is clearly not subject to detention under § 1225(b), this Court finds that his detention instead arises under § 1226(a) and that he is entitled to a bond hearing in accordance with the statute.

Petitioner's habeas petition (ECF No. 1) shall therefore be granted, and the Government shall provide Petitioner with a statutorily proper bond hearing under 8 U.S.C. § 1226(a) before an immigration judge within seven days. An order consistent with this Memorandum Opinion will be entered.

Date: December 16, 2025

                                                  s/ Zahid N. Quraishi
                                                  **ZAHID N. QURAISHI**
                                                  **UNITED STATES DISTRICT JUDGE**